[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-11437

_____

FEDERAL ELECTION COMMISSION,

                                              Plaintiff-Appellee,

*versus*

DAVID RIVERA,

                                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:17-cv-22643-MGC

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Defendant-Appellant David Rivera appeals the district court's grant of summary judgment and subsequent final judgment in favor of the Federal Election Commission (FEC), finding him liable for violating the Federal Election Campaign Act (FECA), 52 U.S.C. § 30122. After a thorough review of the record and parties' briefings, and with the benefit of oral argument, we find that a genuine dispute of material fact exists and thus, we vacate and remand.

### I.

Rivera served as a United States Congressman representing Florida's 25th Congressional District from 2011 to 2013. In 2012, he ran for re-election as the Republican candidate but, because of redistricting, he ran to represent Florida's redrawn 26th Congressional District. Meanwhile, Democrat Joe Garcia became the Democratic nominee after defeating other candidates in the Democratic primary, including Justin Lamar Sternad. The FEC alleges that during the Democratic primary, Rivera enlisted the help of an associate to secretly fund Sternad's campaign in an effort to weaken Garcia's election prospects. According to the FEC, Rivera allegedly funneled $75,927.31 worth of contributions to the campaign.

Following a multi-year investigation, the FEC notified Rivera that it had reason to believe he had knowingly and willfully violated the FECA. On July 14, 2017, the FEC filed its initial complaint, which was dismissed for failure to state a claim. The FEC then filed an amended complaint on January 15, 2019, asserting that Rivera "knowingly and willfully violated 52 U.S.C. § 30122; 11

C.F.R. § 110.4(b)(1)(i) (same), by making contributions in the name of others to Justin Lamar Sternad's 2012 primary campaign."

On August 10, 2020, the FEC moved for summary judgment, arguing that undisputed evidence establishes that Rivera violated the FECA. The district court granted the motion on February 23, 2021, and followed with a final judgment issuing a civil penalty against Rivera in the amount of $456,000, or approximately 600 percent of the amount attributed to his violation. The district court also entered a permanent injunction against Rivera, prohibiting him from making campaign contributions in the name of another in violation of 52 U.S.C. § 30122.

Rivera timely appealed.[1]

## II.

This court reviews a district court order granting summary judgment de novo. *Gundy v. City of Jacksonville*, 50 F.4th 60, 70 (11th

---

[1] Before we turn to the merits, we address Rivera's argument that the district court lacked jurisdiction (1) because the FEC didn't satisfy the FECA's mandatory pre-suit requirements outlined in 52 U.S.C. § 30109(a), and (2) because the FEC violated 11 C.F.R. § 111.23 by communicating directly with him during § 30109(a)'s conciliation process instead of his lawyer. He is mistaken in both respects. First, even if § 30109(a)'s pre-suit requirements are jurisdictional—which we do not decide—the FEC satisfied them. The FEC found "reason to believe" Rivera violated § 30122, found probable cause that Rivera violated that statute, and proposed a conciliation agreement—notifying Rivera each step of the way. *See* 52 U.S.C. § 30109(a)(2), (3), (4)(A)(i). Second, the regulation is not a congressionally enacted statute capable of limiting a district court's jurisdiction, and it does not even purport to do so.

Cir. 2022). Summary judgment may be granted where the "movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997)). Specifically,

> [c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### A.

The FECA was drafted with specific disclosure requirements, each meant to serve the following governmental interests: (1) "provide[] the electorate with information as to where political campaign money comes from and how it is spent by the candidate in order to aid the voters in evaluating those who seek federal office"; (2) "deter actual corruption and avoid the appearance of corruption by exposing large contributions and expenditures to the light of publicity"; and (3) gather "the data necessary to detect violations of the contribution limitations." *Buckley v. Valeo*, 424 U.S. 1, 66–68 (1976) (per curiam) (quotation marks omitted).

22-11437               Opinion of the Court                    5

Under the FECA, a person may be held liable where they knowingly and willfully commit a violation of the Act by "making, receiving, or reporting of any contribution, donation, or expenditure—(i) aggregating $25,000 or more during a calendar year . . . or (ii) aggregating $2,000 or more (but less than $25,000) during a calendar year." 52 U.S.C. § 30109(d)(1)(A). The FECA additionally prohibits making contributions "in the name of another person or knowingly permit[ting] [one's] name to be used to effect such a contribution" and "knowingly accept[ing] a contribution made by one person in the name of another person." Id. § 30122; see 11 C.F.R. § 110.4(b).

B.

Rivera argues that the district court erred in granting summary judgment because there was a genuine issue of material fact regarding questions that should be resolved by a jury. In granting summary judgment to the FEC, the district court relied on grand jury testimony and a plea colloquy from one of Rivera's associates. The district court found this evidence indicative of Rivera using a "middleman" to assist in his campaign finance efforts. Additionally, it relied on testimony from independent witnesses, vendors who provided services to the Sternad campaign, as well as deposition testimony from Sternad, who spoke to his own knowledge of Rivera's involvement. Yet, we still find that the district court improperly discounted Rivera's competing testimony—specifically, his deposition from August 7, 2020, and his sworn affidavits from

August 10, 2020, and August 22, 2020. Considered together, all three support our finding that issues of fact exist.

First, on August 7, 2020, Rivera was deposed in the presence of his attorney and an attorney for the FEC. During the deposition, Rivera was asked, "In any fashion did you support the Sternad candidacy?" to which he replied, "No." A bit later in the deposition, he was asked, "Did you support the Sternad campaign in any way?" to which again he replied in the negative. This question was followed with, "Did you voice support for the Sternad campaign to anyone?" And Rivera responded, "No, not that I recall."

A few days later, on August 10, 2020, Rivera signed an affidavit describing his financial activities during the 2012 election cycle. In the affidavit, he wrote: "At no time did I ever serve as the source of money or provide in-kind contributions to the Sternad election campaignAnd in another affidavit, this one signed on August 22, 2020, Rivera denied paying certain vendors on behalf of the Sternad campaign.

Seeing that the heart of this dispute concerns whether Rivera made contributions in the name of others to Sternad's campaign, we find the denials in the deposition and affidavits significant. *See* 52 U.S.C. § 30122. The district court's ruling, considering this evidence, runs contrary to the instructions provided by Rule 56, which state that summary judgment may only be granted where there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Precedent is clear: "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences

from the facts are jury functions." *Anderson*, 477 U.S. at 255. We therefore find that the district court erred by discounting the affidavits and deposition because they were contradicted by other testimony in the record. *See id.* ("The evidence of the non-movant is to be believed . . . .").

### III.

For these reasons, we vacate the district court's grant of summary judgment and subsequent final judgment in favor of the FEC and remand for further proceedings.

**VACATED AND REMANDED.**