# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

No. 22-11437-GG

FEDERAL ELECTION COMMISSION,

Appellee,

v.

DAVID RIVERA,

Appellant.

Appeal from the United States District Court
for the Southern District of Florida
No. 17-cv-22643

## APPELLANT'S PETITION FOR PANEL REHEARING
## AND PETITION FOR REHEARING EN BANC

Jeffrey David Feldman
TRAILBLAZER
1200 Brickell Avenue
Penthouse 1900
Miami, FL 33131
Phone: 305.222.7851
Fax: 305.760.4193
jfeldman@trailblazerlaw.com

Thomas L. Hunker
Virginia Ashley Paxton
HUNKER PAXTON APPEALS & TRIALS
1 East Broward Boulevard, Suite 700
Fort Lauderdale, FL 33301
Phone: 877.841.8808
Fax: 954.477.7313
thomas.hunker@hunkerappeals.com
ashley.paxton@hunkerappeals.com

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-2, I certify that the certificate of interested persons (CIP) contained in the parties' principal briefs includes a complete list of trial judge(s), attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

Respectfully submitted,

/s/ Thomas L. Hunker
Thomas L. Hunker
*Counsel for Appellant*

## TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement...…………..C-1

Table of Contents…………………………………………………………………....i

Table of Citations……………………………………………………………….…..iv

Introduction……………………………………………………………………….…1

Rule 35(b) Statement………………………………………………………………2

Panel Rehearing  Standard………………………………………………………….3

Argument……………………………………………………………………………4

    I.    Congress explicitly vested "exclusive jurisdiction" over FECA's civil enforcement provisions in FEC and only authorized courts to exercise jurisdiction over enforcement matters that FEC is unable to resolve after attempting conciliation in compliance with § 30109's mandatory presuit procedures…………………………….4

    II.    FEC's purported attempt at conciliation violated § 30109's mandatory presuit procedures…………………………7

        A.    FEC's presuit notices violated the no-contact rule mandated by both rule and statute………………….7

        B.    During the presuit process, FEC only found probable cause that Rivera "assisted" an "unknown source" in making a contribution in the name of another and never adopted the legal and factual position that Rivera was the "source" and "made" the contributions in the name of another………………7

Certificate of Compliance……………………………………………………………8

Certificate of Service…………………………………………………………………9

## TABLE OF CITATIONS

*Citizens for Responsibility & Ethics v. FEC*, 993 F.3d 880, (D.C. Cir. 2021);

*In re Carter-Mondale Reelection Committee, Inc.*, 642 F.2d 538 (D.C. Cir. 1980).

*Perot v. FEC*, 321 U.S. App. D.C. 96, 97 F.3d 553, 557-59 (1996).

*Stockman v. FEC*, 138 F.3d 144, 1998 U.S. App. LEXIS 6165 (5th Cir. 1998);

**Statutes**

\*　2 U.S.C. § 437g　　[52 U.S.C. § 30109]…………………………………………....passim
\*　2 U.S.C. § 441f　　[52 U.S.C. § 30122]……………………………………………passim

　28 U.S.C. § 530B………………………………………………………………………..6

\*　52 U.S.C. § 30109　[2 U.S.C. § 437g]…………………………………………..passim
\*　52 U.S.C. § 30122　[2 U.S.C. § 441f]……………………………………..……passim

**Regulations**

11 C.F.R. § 104.14………………………………………………………………….....13 n.3
11 C.F.R. § 110.4………………………………………………………………………..passim
11 C.F.R. § 111.23…………………………………………………………………..…6
11 C.F.R. § 114.12……………………………………………………………………..13 n.3

**Rules**

Fla. Bar R. 4-4.2…………..………………………………………………………...6

S.D. Fla. Local R. 11.1………………………………………………………………...6

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 40 and the corresponding 11th Circuit Rules, David Rivera respectfully submits this petition for panel rehearing of the July 1, 2024 opinion. *See FEC v. Rivera*, 22-11437 at 3 n.1 (11th Cir. July 1, 2024). Footnote 1 of the opinion briefly addresses Rivera's argument that the district court lacked subject matter jurisdiction based on FEC's failure to satisfy FECA's mandatory pre-suit requirements. *See id.* at 3 n.1. The panel found it unnecessary to decide whether the issue is "jurisdictional" because it concluded that FEC complied with the presuit procedures by: (1) finding "reason to believe" and "probable cause" that Rivera violated § 30122; and (2) sending the mandatory notices and proposed conciliation agreement directly to Rivera instead of his counsel. *See id*. The panel also stated that the "no contact" rule contained in 11 C.F.R. § 111.23 "is not a congressionally enacted statute capable of limiting a district court's jurisdiction, and it does not even purport to do so." *Id*. For the following reasons, Rivera respectfully requests panel rehearing and rehearing en banc.

1

**RULE 35(b)(1) STATEMENT REGARDING REHEARING EN BANC**

The proceeding involves one or more questions of exceptional importance:

- Do federal courts have jurisdiction over FEC enforcement actions in cases where FEC fails to comply with FECA's presuit requirements?

- Does FEC comply with FECA's presuit notice requirements when it violates the no-contact rule and only provides notices to the defendant rather than the defendant's designated attorney?

- May FEC's attorneys assert a factual and legal position alleging a FECA violation that FEC never found probable cause to pursue and never attempted to conciliate presuit?

**GROUNDS FOR PANEL REHEARING**

A.   **Petition for Panel Rehearing**

Panel rehearing may be sought where the court has overlooked or misapprehended the facts or the law. In this case, Rivera respectfully contends that the panel opinion overlooks that Congress explicitly vested "exclusive jurisdiction" over FECA's civil enforcement provisions in FEC and only authorized courts to exercise jurisdiction over enforcement matters that FEC is unable to resolve after attempting conciliation in compliance with the mandatory presuit procedures set forth in § 30109. Further, the panel's finding that FEC "notif[ied] Rivera each step of the way" discounts the significance of FEC's failure to notify Rivera's **counsel** of its probable cause finding and its proposed conciliation agreement, because Rivera hired, designated, and relied on his counsel to properly represent him before the FEC. Furthermore, FEC's presuit notices violated the no-contact rule mandated by

2

both 28 U.S.C. 530(b) (aka "The McDade Amendment"). In addition, and contrary to the Court's determination that FEC satisfied its presuit obligations pursuant to § 30109, FEC only found probable cause that Rivera "assisted" an "unknown source" in making a contribution in the name of another and never adopted the legal and factual position that Rivera was the "source" and "made" the contributions in the name of another.

## ARGUMENT

### I. Congress explicitly vested "exclusive jurisdiction" over FECA's civil enforcement provisions in FEC and only authorized courts to exercise jurisdiction over enforcement matters that FEC is unable to resolve after attempting conciliation in compliance with § 30109's mandatory presuit procedures.

"[A] petition [for rehearing en banc] may assert that a proceeding presents a question of exceptional importance if it involves an issue on which the panel decision conflicts with the authoritative decisions of every other United States Court of Appeals that has addressed the issue." Fla. R. App. P. 35(b)(1)(B). In this case, footnote 1 of the panel opinion conflicts with every other United States Court of Appeals that has addressed whether the presuit requirements are jurisdictional. *See Citizens for Responsibility & Ethics v. FEC*, 993 F.3d 880, (D.C. Cir. 2021); *Stockman v. FEC*, 138 F.3d 144, 1998 U.S. App. LEXIS 6165 (5th Cir. 1998); *In re Carter-Mondale Reelection Committee, Inc.*, 642 F.2d 538 (D.C. Cir. 1980). For reference, 2 U.S.C. § 437g of the Campaign Act was

3

renumbered as § 30109 of FECA. *See* 2 U.S.C. § 437g ("This section, relating to enforcement, was transferred to 52 USCS § 30109 by the compilers of the United States Code."). As the D.C. circuit explained in *Perot v. FEC*, 97 F.3d 553 (D.C. Cir. 1996):

> We agree with the district court that it lacked jurisdiction to adjudicate the validity of the complaints filed with the FEC or to order the FEC to do so before the CPD-sponsored debate on October 6, 1996. Accordingly, we affirm the district court's dismissal of these claims on jurisdictional grounds.
>
> Congress could not have spoken more plainly in limiting the jurisdiction of federal courts to adjudicate claims under the FECA. The statute explicitly states that "except as provided in section 437g(a)(8) of this title, the power of the [FEC] to initiate civil actions under subsection (a)(6) shall be the exclusive civil remedy for the enforcement of the provisions of this Act." 2 U.S.C. § 437d(e); accord 2 U.S.C. § 437c(b)(1) ("The [FEC] shall administer, seek to obtain compliance with, and formulate policy with respect to, this Act …. The [FEC] shall have exclusive jurisdiction with respect to the civil enforcement of such provisions.").
>
> Section 437g requires the FEC to proceed with due deliberation after it receives a complaint alleging violations of the Act. 2 U.S.C. § 437g(a)(1). Dr. Hagelin filed his complaint with the FEC on September 6, 1996; Perot filed his complaint on September 20, 1996. CPD, which is alleged to have violated the Act, had to be notified within 5 days. *Id.* § 437g(a)(1). We presume this was done. The next step is for the FEC to vote to determine whether there is reason to believe the subject of the complaint has violated the Act. *Id.* § 437g(a)(2). If the complaint is not dismissed at that stage, the FEC conducts an investigation. *Id.* If the FEC's general counsel recommends that the FEC proceed to the next statutory step -- a vote on whether there is probable cause to believe the respondent violated the Act -- the respondent is notified and is given 15 days to submit a brief stating its legal and factual position and replying to the general counsel's brief. Id. § 437g(a)(3). If the FEC then decides

4

there is probable cause, it "shall attempt, for a period of at least 30 days," or at least 15 days if an election is imminent, to have the respondent correct or prevent the violation. Id. § 437g(a)(4)(A)(i) & (ii). The FEC may skip this step and refer the matter to the Attorney General for enforcement action only if it determines that the violation is knowing and willful and only if the violation is of a type included in § 437g(d). *Id.* § 437g(a)(5)(C).

Other procedural requirements, unnecessary to mention, also bind the FEC's deliberations about, and investigation of, complaints. The end of the administrative road is a civil complaint filed by the FEC in the district court or an action by the complaining party. Section 437g(a)(8)(A) states: "any party aggrieved by an order of the [FEC] dismissing a complaint filed by such party under paragraph (1), or by failure of the [FEC] to act on such complaint during the 120-day period beginning on the date the complaint is filed, may file a petition with the United States District Court for the District of Columbia." *Id.* § 437g(a)(8)(A). 2 The district court's decision may be appealed to this court. *Id.* § 437g(a)(9).

Dr. Hagelin claims that we may ignore these elaborate statutory requirements and force the FEC to act immediately because otherwise he would suffer irreparable harm. To do so, however, would place us in conflict with our decision in *In re Carter-Mondale Reelection Committee, Inc.*, 206 U.S. App. D.C. 133, 642 F.2d 538 (D.C. Cir. 1980). *Carter-Mondale* is, as the FEC argues, directly on point. The plaintiffs in that case asked the court to find a violation of the federal election laws, and requested alternatively "that the FEC be directed to conduct an immediate investigation of the [plaintiffs'] charges." *Id.* at 542. The court held that "the exclusive jurisdiction of the FEC extends to assure that the [FEC's] initial investigation is completed, or the statutory time limit allowed for an investigation has expired, before any judicial review is invoked." Id. It therefore declined to hear the case because "the entire matter at this time is within the exclusive jurisdiction of the Federal Election Commission." *Id.*

It is true, as Dr. Hagelin points out, that the Carter-Mondale opinion said there might be extraordinary circumstances allowing a party to "hurdle the explicit time restraints of the [Federal Election Campaign] Act." 642 F.2d at 543. But the opinion never specified

5

what these circumstances might be. It did not indicate on what basis, short of holding § 437g unconstitutional (which no one urges), a court could disregard the statutory [*559] commands. And the statement in Carter-Mondale was made before the Supreme Court instructed us that if "Congress specifically mandates, exhaustion is required." *McCarthy v. Madigan*, 503 U.S. 140, 144, 117 L. Ed. 2d 291, 112 S. Ct. 1081 (1992). Section 437g is as specific a mandate as one can imagine; as such, the procedures it sets forth -procedures purposely designed to ensure fairness not only to complainants but also to respondents -- must be followed before a court may intervene. We assume that in formulating those procedures Congress, whose members are elected every two or six years, knew full well that complaints filed shortly before elections, or debates, might not be investigated and prosecuted until after the event. Congress could have chosen to allow judicial intervention in the face of such exigencies, but it did not do so. And as we have said, a court is not free to disregard that congressional judgment.

Even if we could somehow ignore the jurisdictional requirements of § 437g(a), but see Carter-Mondale, 642 F.2d at 542, Dr. Hagelin could not achieve the result he seeks. This court could not compel the FEC to enforce its regulation in accordance with the FECA. We have interpreted § 437g(a)(8)(C) to allow nothing more than an order requiring the FEC action when the FEC's failure to act is contrary to law. See FEC v. Rose, 256 U.S. App. D.C. 395, 806 F.2d 1081, 1084 (D.C. Cir. 1986). Since the FEC is given 120 days to act on a submitted complaint, § 437g(a)(8)(A), its delay in this case is neither unlawful nor unreasonable. See Rose, 806 F.2d at 1084-85. Second, if this court were to enjoin the CPD from staging the debates or from choosing debate participants, there would be a substantial argument that the court would itself violate the CPD's First Amendment rights. *See Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 49 L. Ed. 2d 683, 96 S. Ct. 2791 (1976) (prior restraint); *Hurley v. Irish-American Gay, Lesbian & Bisexual Group of Boston*, 132 L. Ed. 2d 487, 115 S. Ct. 2338 (1995) (speaker's choice of content).

*Perot v. FEC*, 321 U.S. App. D.C. 96, 97 F.3d 553, 557-59 (1996).

6

## II. FEC's purported attempt at conciliation violated § 30109's mandatory presuit procedures.

### A. FEC's presuit notices violated the no-contact rule mandated by both rule and statute.

The Court is correct that 11 C.F.R. § 111.23 (FEC's 'no-contact' regulation) is does not itself purport to restrict the courts' jurisdiction. But it is merely echoing a federal statute applicable to all government employees: the McDade amendment to 28 U.S.C. § 530B. See also 28 C.F.R. § 77.3; Fla. Bar R. 4-4.2; S.D. Fla. Local R. 11.l(c); *see also* 11 C.F.R. 111.13 ("Whenever service is to be made upon a person who has advised the Commission of representation by an attorney pursuant to 11 CFR 111 .23, the service shall be made upon the attorney by any of the methods specified in 11 CFR 111 .13(c)."). In this case, all of FEC's notices were sent by its attorney to Rivera directly after receiving the attorney designation form adopted by FEC (after submitting to Congress for review) in violation of the no-contact rule universally recognized by the Florida Supreme Court as governing attorneys in Florida as well as federal law under 28 USC § 530B.

### B. During the presuit process, FEC only found probable cause that Rivera "assisted" an "unknown source" in making a contribution in the name of another and never adopted the legal and factual position that Rivera was the "source" and "made" the contributions in the name of another.

The record indisputably shows that FEC *only* found probable cause that Rivera "assisted" an "unknown source" in making a contribution in the name of another (i.e., "secondary" or "conduit" liability). It ***never*** found probable cause that Rivera

7

"made" a contribution in the name of another as the "source" of the contribution (i.e., "primary" liability). Consequently, FEC only attempted conciliation based on the violation alleged in its original Complaint and never attempted conciliation based on the violation alleged in its Amended Complaint. The district court rejected and dismissed the original Complaint based on *Swallow* but entered final summary judgment based on the Amended Complaint that was never a part of the conciliation process.

In footnote 1 of the opinion, the panel seems to have concluded that FEC's probable cause determination and attempts at conciliation were sufficient as long as they were based on *any* violation of the same statute – even if the violation that FEC's attorneys pursued to summary judgment was *not the same violation* that FEC claimed during the conciliation process. However, "[p]robable cause . . . exists where facts and circumstances [are] sufficient to lead an ordinarily prudent person to believe the accused [is] guilty of *the [violation] charged*." *Cf. Mott v. Mayer*, 524 F. App'x 179, 186-87 (6th Cir. 2013) *see also Cervantes v. Jones*, 188 F.3d 805, 811 (7th Cir. 1999) ("Probable cause means the existence of such facts and circumstances as would excite the belief, in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of *the crime for which he was prosecuted*."), *overruled on other grounds by Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001).

## CONCLUSION

For the foregoing reasons, Rivera respectfully requests panel rehearing and rehearing en banc of the July 1, 2024 opinion.

## CERTIFICATE OF COMPLIANCE

This document complies with the **type-volume limit** of FRAP 32(a)(7)(B) because, excluding the parts of the document exempted by FRAP 32(f), this document contains 4658 words. This document complies with the **typeface requirements** of FRAP 32(a)(5) and the **type-style requirements** of FRAP 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft® Word for Microsoft 365 MSO (Version 2304 Build 16.0.16327.20200) 64-bit in 14-point font and Times New Roman type style.

/s/ Thomas L. Hunker  
Thomas L. Hunker  
Dated: **August 15, 2024**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **August 15, 2024**, a copy of this document was furnished by electronic filing with the Clerk of the Court via CM/ECF, to:

9

**Kevin Deeley, Greg J. Mueller, Lisa J. Stevenson, Harry J. Summers, and Shaina Ward**
FEDERAL ELECTION COMMISSION
1050 First Street, NE, Washington, DC 20463
202-694-1650; 202-694-1553; 202-694-1566
gmueller@fec.gov; kdeeley@fec.gov; lstevenson@fec.gov; hsummers@fec.gov; sward@fec.gov

Respectfully submitted,

/s/ *Jeffrey David Feldman*
**Jeffrey David Feldman**
Fla. Bar No. 330302
TRAILBLAZER
1200 Brickell Avenue
Penthouse 1900
Miami, FL 33131
305-222-7851
jfeldman@trailblazerlaw.com

/s/ *Thomas L. Hunker*
**Thomas L. Hunker**
Fla. Bar No. 38325
**V. Ashley Paxton**
Fla. Bar No. 1003907
HUNKER PAXTON APPEALS & TRIALS
1 EAST BROWARD BLVD, SUITE 700
Fort Lauderdale, FL 33301
877-841-8808
thomas.hunker@hunkerappeals.com
ashley.paxton@hunkerappeals.com
jodi.kain@hunkerappeals.com
tamara.mihajlovic@hunkerappeals.com

10